UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GREGORY STEVEN LATHROP,
a/k/a Greg,
Defendant-Appellant.

No. 98-4217

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-96-84)

Submitted: March 30, 1999

Decided: August 10, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Stephen Ellenson, Norfolk, Virginia, for Appellant. Fernando
Groene, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Lathrop was found guilty after a jury trial of conspiracy to distribute methamphetamine, 21 U.S.C.A. § 846 (West 1994), and two counts of possession of methamphetamine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997). Lathrop was sentenced to 120 months following the district court's departing downward below the guideline range. The Government successfully appealed Lathrop's sentence, and this Court vacated his sentence and remanded this case to the district court solely on the issue of sentencing. See United States v. Lathrop, No. 96-4904, 1997 WL 639332 (4th Cir. 1997). Upon resentencing, Lathrop was sentenced to 188 months, the lowest sentence within his applicable guideline range.

Lathrop's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issues: whether the district court erred in denying Lathrop's motion for the production of his trial transcripts at government expense and whether the district court erred by not allowing an appeal of issues beyond Lathrop's resentencing. Lathrop has filed a supplemental brief echoing the arguments of his attorney. Because our review of the record reveals no reversible error, we affirm.

After resentencing, Lathrop's appointed counsel, who did not serve as trial counsel, moved for the production of transcripts of his case at government expense in order to prepare for a direct appeal. The district court denied this motion on the basis of the "mandate" rule, which forecloses relitigation of issues expressly or impliedly decided by this Court. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). When this Court remanded solely on the issue of the district court's departure below the sentencing guidelines, we impliedly upheld

2

Lathrop's conviction. Hence, Lathrop could not relitigate the validity of his conviction on direct appeal following resentencing.*

Accordingly, we affirm the sentence of the district court. We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on the client. We therefore deny counsel's motion for leave to withdraw at this time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

*We have reviewed the transcripts provided by Lathrop at his family's expense and note that the claim that Lathrop was not advised of his right to note a direct appeal is properly the subject of a 28 U.S.C. § 2255 motion. Accordingly, our disposition of this appeal is without prejudice to Lathrop's right to file an appropriate post-conviction motion that asserts this claim.

3